UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Walter Z., | Case No. 26-CV-373 (MJD/EMB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, | |
| Respondents. | |

Before the Court is the Petitioner Walter Z.'s[1] Verified Petition for Writ of Habeas Corpus (Dkt. No. 1). Respondents filed a response (Dkt. No. 5), and Walter Z. did not reply.

This case has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

following reasons, I recommend the Petition for Writ of Habeas Corpus (Dkt. 1) be granted, and Respondents be ordered to immediately release Walter Z.

## I.   Background

Petitioner Walter Z. is a citizen of Ecuador who lives in Minneapolis. (Dkt. No. 1 ¶¶ 7, 12.) Walter Z. entered the United States without inspection in 2010, and he is not subject to a final order of removal. (*Id.* ¶¶ 12–13.) Walter Z. has family and community ties in Minneapolis. (*Id.* ¶ 14.)

Nevertheless, U.S. Immigration and Customs Enforcement ("ICE") arrested him on January 15, 2026. (*Id.* ¶ 15.) ICE arrested him "without a warrant" and "with no notice or opportunity to be heard and no identifiable lawful reason." (Dkt. No. 2 at 1.)

Walter Z.'s counsel believes he is currently being held at the Whipple Federal Building in St. Paul, although counsel has unsuccessfully "searched for [Walter Z.'s] location multiple times on the online ICE Locator on January 16, 2026." (Dkt. No. 1 ¶¶ 7, 19.)

## II.   Legal Standard

Under 28 U.S.C. § 2241, the Court may grant a writ of habeas corpus to any petitioner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Rasul v. Bush*, 542 U.S. 466, 473 (2004)). The right to challenge unlawful detention under § 2241 "extends to those persons challenging the

2

lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)).  "The habeas petitioner bears the burden of demonstrating by a preponderance of the evidence that their detention is unlawful." *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025).

### III.  Analysis

Walter Z. claims he is being unlawfully detained and seeks immediate release. (*Id.* ¶¶ 46–51.)  The Honorable Michael J. Davis ordered Respondents to show cause why Walter Z.'s writ should not be granted in this case. (Dkt. No. 4 ¶ 1.)  He also ordered them to provide affidavits or exhibits "to establish the lawfulness and correct duration of [Walter Z.']s detention," and to explain "[w]hether the absence of a warrant preceding [Walter Z.]'s arrest necessitates [his] immediate release." (*Id.* ¶ 2(a), (d).)

In their one-page response, Respondents argue Walter Z.'s "petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and which are currently on appeal in *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). (Dkt. No. 5 at 1.)  In that case, and many others in this district, the Court has decided that a noncitizen "who has lived in the United States for years but was never lawfully admitted to the country" is not an "an alien seeking admission" and is therefore not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Avila v. Bondi*,

3

CV 25-3741 (JRT/SGE), 2025 WL 2976539, at *5 (D. Minn. Oct. 21, 2025). Rather, 8 U.S.C. § 1226(a) governs in such situations, and it requires Respondents to provide a bond hearing prior to detaining a noncitizen. *See id.* at *7.

The undersigned need not provide a detailed analysis of the interplay between § 1225(b)(2) and § 1226(a) because Judge Davis has already ruled consistently with *Avila* in similar cases. *See Beltran v. Bondi*, No. 25-cv-4604-MJD-DTS, 2025 WL 3719856, at *3 (D. Minn. Dec. 23, 2025); *Awaale v. Noem*, No. 25-cv-4551-MJD-JFD, 2025 WL 3754012 (D. Minn. Dec. 29, 2025). Respondents offer no justification to stray from that result here. Indeed, they concede this action "raises legal and factual issues similar" to the one raised in *Avila*. (Dkt. No. 5 at 1.) Given this Court's prior rulings in materially factually and legally indistinguishable cases, I recommend that the Court grant Walter Z.'s petition.

Further, I would recommend Respondents be ordered to immediately release Walter Z. An arrest warrant is a prerequisite to detention under § 1226(a). *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Walter Z. alleges his arrest was warrantless and —despite Judge Davis's directive—Respondents did not provide an arrest warrant or address "whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (Dkt. No. 4 ¶ 2(d).)

4

Respondents have therefore abdicated their opportunity to argue against immediate release. Given Respondents' concessions in this case, I recommend that Petitioner be immediately released. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (noting that the "typical remedy [for unlawful executive detention] is, of course, release"); *see also Roseline K. N. v. Bondi*, No. 26-cv-540-KMM-SGE, 2026 WL 185069, at *2 (D. Minn. Jan. 25, 2026) (ordering immediate release when government "has not claimed to have a 'warrant issued by the Attorney General' supporting Petitioner's recent arrest, nor has the government produced one to the Court").

Finally, I draw the parties' attention to the atypically short deadlines for filing objections to this Report and Recommendation and responses to those objections, set forth in the "Notice" below.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Walter Z.'s Verified Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED;
2. Respondents be ORDERED to immediately release Walter Z.; and
3. Respondents be ORDERED to file a notice confirming such release within 24 hours of the entry of an order granting such relief.

Dated: January 27, 2026                    *s/Elsa M. Bullard*
                                                                      Elsa M. Bullard
                                                                      United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1): "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, ***unless the court sets a different deadline***." Here, the Court provides a ***3-day deadline for objections***, and a ***2-day deadline for responses to objections***. All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).